UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
TRUSTEES OF LABORERS UNION LOCAL NO. 1298       Docket No.:
OF NASSAU AND SUFFOLK COUNTIES BENEFIT
FUNDS,
                        Plaintiffs,
    -against-

                                                 **COMPLAINT**

CARLO LIZZA & SONS PAVING, INC.

                        Defendant.
----------------------------------------------------------------------x

      Plaintiff Trustees of Laborers Union Local No. 1298 of Nassau and Suffolk Counties Benefit Funds (hereinafter "Funds") by their attorneys Barnes, Iaccarino & Shepherd LLP, allege as follows:

## JURISDICTION AND VENUE

    1.    This action is based on Section 301 of the Labor Management Relations Act of 1947 (hereinafter "Taft-Hartley Act") (29 U.S.C. Section 185) and Sections 502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter "ERISA") (29 U.S.C. Sections 1132(a)(3) and 1145).

    2.    Jurisdiction over this action is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and Sections 502(e)(1) and 502(f) of ERISA (29 U.S.C. Sections 1132(e)(1) and 1132(f)), and derivative jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1337.

    3.    Venue properly lies in this District under Section 502(e)(2) of ERISA (29 U.S.C. Section 1132(e)(2)), Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), and 28 U.S.C. Section 1391(b).

4. This is an action brought by the respective Trustees of the Funds, in their fiduciary capacity, for monetary damages and injunctive and other equitable relief under ERISA, and for breach of contract to secure performance by an Employer of specific statutory and contractual obligations of Defendant, CARLO LIZZA & SONS PAVING, INC. (hereinafter "Employer" or "Defendant") to submit contribution reports and/or fringe benefit contributions to Plaintiffs.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, fiduciaries of a jointly administered, multi-employer, labor management, trust funds as defined by Section 3(21)(A) and 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the LABORERS UNION LOCAL NO. 1298 OF NASSAU AND SUFFOLK COUNTIES (hereinafter "Union") and various employers, pursuant to the terms of the Collective Bargaining Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the Plan Sponsor within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees, and their dependents, on whose behalf the Employer is required to contribute to the Funds, pursuant to the Collective Bargaining Agreement (hereinafter "C.B.A.") between the Employer and the Union, of which the Funds are third-party beneficiaries. The Funds are authorized to collect fringe benefit contributions, which include but are not limited to payments for life insurance, hospitalization,

medical care, and pension benefits, on behalf of the employees of the Employer, and Plaintiff Trustees, as fiduciaries of the Funds, are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the C.B.A. and Trust Indentures that concern employee benefit rights.

7. The Funds' principal office is located and administered at 681 Fulton Avenue, Hempstead, New York 11550, County of Nassau.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185), which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York. The Union's principal office is located and administered at 681 Fulton Avenue, Hempstead, New York 11550, County of Nassau.

9. Upon information and belief, Defendant CARLO LIZZA & SONS PAVING, INC. at all relevant times, was and is an employer, within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145), and was and still is an employer in an industry affecting commerce, within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

10. Upon information and belief, Employer is a for profit, domestic corporation, duly organized and existing pursuant to the laws of, and doing business in the State of New York with its principal place of business located at 200 Winding Road, Old Bethpage, New York 11804.

## CAUSES FOR RELIEF
## AS AND FOR A FIRST CLAIM FOR RELIEF

11. The Employer executed a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union and/or was and still is a party to a C.B.A. with the Union by virtue of its membership in an employer association.

12. The C.B.A. and/or Trust Indentures requires the Employer to submit contribution reports setting forth the hours that each employee has worked and the amount of fringe benefit contributions due pursuant to the rate schedules set forth by the C.B.A., for all work performed by its employees under the C.B.A., and to remit those fringe benefit contributions in accordance with the C.B.A. and the rules and regulations established in the Trust Indentures.

13. Upon information and belief, as a result of the work performed by the individual employees of the Employer pursuant to the C.B.A., there became due and owing to the Funds, from the Employer, fringe benefit contributions.

14. The Employer has failed, neglected, and refused to remit to the Funds those reports and fringe benefit contributions due and owing under the C.B.A. and in accordance with the Trust Indentures in the minimum amount of $250,000 for the period April 29, 2017 through Present.

15. Upon information and belief, the Employer's failure, neglect, and refusal to remit the proper contributions and reports to Plaintiffs constitutes a violation of the C.B.A. between the Employer and the Union, wherein the Funds are third-party beneficiaries.

16. Pursuant to the C.B.A. and Policy for the Collection of Delinquent Contributions, upon the Employer's failure to pay fringe benefit contributions as they become due and owing to Plaintiffs, the Employer is obliged to the pay: ten percent (10%) of the contributions due and owing as liquidated damages; ten percent (10%) of the contributions due and owing as interest; accountant fees, attorney fees, and audit fees at the hourly rate charged to the Funds for services;

and all court costs and disbursements incurred in initiating the collection of delinquent contributions and any action therefor.

17. Accordingly, the Employer is liable to Plaintiffs for contribution reports and fringe benefit contributions in the minimum amount of $250,000 for unpaid contributions, plus liquidated damages, interest, accountant fees, attorney fees, audit fees, and court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

18. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "17" of this Complaint as if fully set forth herein.

19. Section 515 of ERISA (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with Collective Bargaining Agreements and Trust Indentures.

20. The Employer has failed to pay or timely pay fringe benefit contributions to Plaintiffs, owed as a result of the work performed by the employees of the Employer under the CBA. This constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

21. Section 502 of ERISA (29 U.S.C. Section 1132) provides that, upon an Employer violation of Section 515 of ERISA (29 U.S.C. 1145), which requires employers to pay fringe benefit contributions in accordance with collective bargaining agreements and trust indentures, a court must award payment to a fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal, both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable accountant fees, attorney fees, audit fees, and costs and disbursements.

22. The Employer's failure to pay has injured the Funds by delaying the investment of fringe benefit contributions and causing unnecessary administrative costs for the Funds and has

injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

23. Accordingly, the Employer is liable to Plaintiffs under the C.B.A. and any Trust Indenture concerning the payment of fringe benefit contributions and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

24. Accordingly, the Employer is liable to the Funds in the minimum amount of $215,503.20 in fringe benefit contributions, plus liquidated damages, interest, reasonable accountant fees, attorney fees, audit fees, and court costs and disbursements, pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

25. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "24" of this Complaint as if fully set forth herein.

26. Pursuant to ERISA, the Collective Bargaining Agreement and/or Trust Indenture, the Employer is required to timely submit fringe benefit contributions and contribution reports to Plaintiffs.

27. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefit contributions and contribution reports to Plaintiffs, and is in breach of the statutory obligations under ERISA, the Collective Bargaining Agreement, and Trust Indenture.

28. During the course of this action, additional fringe benefit contributions and/or delinquency charges may become due and owing. If Defendant fails to pay these additional fringe benefit contributions and/or delinquency charges, those additional amounts must be included, plus

interest and liquidated damages, as part of this action, at the time of trial or judgment, whichever is later.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

29. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "28" of this Complaint as if fully set forth herein.

30. The financial integrity of the Funds and the allocation of proper eligibility and credit to the members are determined and based upon prompt and accurate remittance of contribution reports and fringe benefit contributions from the Employer.

31. Plaintiffs have no adequate remedy at law to ensure that the Employer will adhere to its continuing statutory and contractual obligations.

32. The failure of the Employer to promptly remit payment to the Funds will cause the Funds immediate and irreparable injury unless the Employer and its officers, agents, and servants are enjoined from failing, neglecting, and/or refusing to submit the required fringe benefit contributions and contribution reports to Plaintiffs.

33. By reason of the foregoing, Plaintiffs are entitled to a permanent injunction enjoining the Employer from any further or future violations of this or subsequent collective bargaining agreements with the Union, as such agreements apply to the obligations of the Employer to Plaintiffs herein.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant CARLO LIZZA & SONS PAVING, INC. as follows:

**On the First and Second Claim for Relief:**

(a) In the minimum amount of $250,000 and continuing for unpaid contributions to the Funds for work performed for the period April 29, 2017 through Present and continuing, plus interest calculated at ten percent (10%) of the unpaid

principal amount due, and liquidated damages calculated at ten percent (10%) of the unpaid principal amount due;

(b) Attorneys' fees, statutory damages, court costs, audit fees and disbursements incurred as set forth by the Policy for the Collection of Delinquent Contributions, in the Collective Bargaining Agreement, and as mandated by Section 502(g)(D) of ERISA, 29 U.S.C. Section 1132(g)(2)(D);

**On the Third Claim for Relief:**

(a) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of this action, which amount shall include the principal plus interest and liquidated damages;

**On the Fourth Claim for Relief:**

(a) A permanent injunction enjoining the Employer, its officers, directors, agents, and representatives from violating the terms of this or successive Collective Bargaining Agreements and/or Declarations of Trust, as they relate to Plaintiffs herein, including but not limited to the reporting and paying of all fringe benefit contributions in a timely fashion;

**On All Claims for Relief:**

(a) For such other and further relief as the Court deems appropriate.

Dated: Hempstead, New York
September 20, 2017

Respectfully submitted,

BARNES, IACCARINO, & SHEPHERD, LLP

_____
Danielle M. Carney, Esq.
Attorneys for the Plaintiffs
3 Surrey Lane, Suite 200
Hempstead, NY 11550
(516) 483-2990